IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNG Q. LAM,<br><br>    **Plaintiff**,<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A. and`<br>MTC FINANCIAL INC. dba TRUSTEE<br>CORPS,<br><br>    **Defendants** | 1:12-cv-1434 AWI SMS<br><br>**ORDER GRANTING<br>PLAINTIFF'S REQUEST FOR<br>TEMPORARY RESTRAINING<br>ORDER**<br><br>Doc. # 7 |

    This is an action in diversity by plaintiff Tung Q. Lam ("Plaintiff") against defendants JP Morgan Chase Bank ("JP Morgan") and MTC Financial, Inc. dba Trustee Corps ("Defendants"). Presently before the court is a request by Plaintiff for a Temporary Restraining Order ("TRO") to prevent the sale upon foreclosure Plaintiff's home in Modesto, California. For the reasons set forth below, the court will grant a TRO for a period not to exceed thirty (30) days and will set a briefing schedule on the substantive issues raised by Plaintiff's complaint.

    Plaintiff appears to have filed a notice of *ex parte* motion for TRO twice; the first time filed at Docket Number 7 under the file heading "Motion for TRO," and a second time at Docket Number 8 under the heading "Memorandum." Thus, it appears Plaintiff has inadvertently filed two notices of motion and no memorandum of points and authorities in support of his motion for TRO. The court finds it is not in a position to fairly make a substantive ruling on Plaintiff's

motion for TRO in the absence of a memorandum of points and authorities that were obviously inadvertently omitted.  While the court is sympathetic to Defendants' need to timely seek to recover their security interest on a mortgage, the court is also convinced that it will be possible within a permissibly short time to address the substantive issues underpinning Plaintiff's complaint to the extent necessary to determine Plaintiff's likelihood of success on the merits – a determination the court cannot make at this time.

While the court is mindful of the low probability of success on the merits of the familiar "show me the note" type of claim, the facts that can be gleaned from the declarations accompanying Plaintiff's request for TRO are sufficiently like (although admittedly not identical to) the factual situations in Barrionuevo v. Chase Bank, N.A., 2012 WL 3235953 (N.D. Cal. 2012) and Javaheri v. JP Morgan Chase, 2011 WL 2173786 (C.D. Cal. 2012) that the court would benefit from an opposition by Defendants that addresses the holdings in these, and related, cases.

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff shall, within four (4) days of service of this order, file and serve a memorandum of points and authorities in support of his motion for TRO.
2. Within ten (10) days of the date of service of Plaintiff's memorandum of points and authorities, Defendants shall file and serve either or both an opposition to Plaintiff's motion for TRO *and/or* notice of a motion to dismiss.
3. The scheduled Trustee's Sale of the subject Property is hereby RESTRAINED until September 21, 2012, as to the real property located at 2108 Prominade Lane, Modesto, CA, or until further order of this court, whichever is sooner.
4. The court may order that Plaintiff file a security with the court as a condition of continuation of this Temporary Restraining Order at any time during the period of restraint as a condition of continuance of the restraining order.

IT IS SO ORDERED.

Dated:  September 5, 2012

CHIEF UNITED STATES DISTRICT JUDGE