1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

9

| | | |
|---|---|---|
| 10 | **TUNG Q. LAM,** ) | **1:12-cv-1434 AWI SMS** |
| 11 | ) **Plaintiff**, ) | |
| 12 | ) **v.** ) | **MEMORANDUM OPINION AND ORDER ON MOTIONS TO DISMISS BY** |
| 13 | **JP MORGAN CHASE BANK, N.A. and`** ) **MTC FINANCIAL INC. dba TRUSTEE** ) | **DEFENDANTS JPMORGAN CHASE BANK AND MTC** |
| 14 | **CORPS,** ) ) | **FINANCIAL, INC.** |
| 15 | **Defendants** ) | **Doc. #'s 18 and 22** |
| 16 | | |

17

   This is an action in diversity for damages and injunctive relief by plaintiff Tung Q. Lam ("Plaintiff") against defendants JPMorgan Chase Bank, N.A. and MTC Financial, Inc. dba Trustee Corps (hereinafter, "Trustee Corps") (collectively, "Defendants").  Plaintiff's complaint alleges claims for wrongful foreclosure, slander of title, cancellation of written instruments, fraud, quiet title, and claims for declaratory and injunctive relief.  Currently before the court are separate motions by each Defendant to dismiss all claims alleged in the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted.  The parties do not dispute that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Venue is proper in this court.

**JUDICIAL NOTICE**

   The court may take notice of facts that are capable of accurate and ready determination by

resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Facts subject to judicial notice may be considered by a court on a motion to dismiss.  In re Russell, 76 F.3d 242, 244 (9th Cir. 1996).  In actions arising from mortgage disputes, courts may take judicial notice of the deed of trust and other documents pertaining to the loan.  Kelley v. Mortgage Electronic Registration Systems, Inc., 642 F.Supp.2d 1048, 1052-1053 (N.D. Cal. 2009).  A court may also take "judicial notice of matters of public record outside the pleadings."  Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Defendants request for judicial notice, Document # 19, seeks judicial notice of: (1) the deed of trust securing the subject property, Exh. "A"; (2) Notice of Default and Election to Sell, recorded by Trustee Corps on June 1, 2011, Exh. "B"; (3) Assignment of Deed of Trust to JPMorgan Chase Bank, recorded by MERS on July 20, 2012, Exh. "C"; (4) Substitution of Trustee Corps as trustee under the Deed of Trust, recorded on August 7, 2012, Exh. "D"; and (5) Notice of Trustee's Sale, recorded by Trustee Corps on August 7, 2012, Exh. "E".  The court has examined each of the exhibits for which judicial notice is requested and finds that each of the exhibits is suitable for judicial notice as matters of public record outside of the pleadings.  Judicial notice of Exhibits "A" through "E" of Document # 19 will therefore be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of a mortgage entered into by Plaintiff and Reunion Mortgage that resulted in a deed of trust encumbering Plaintiff's property in Modesto, California (the "subject Property").  At the time the mortgage was executed, Mortgage Electronic Registration Systems, Inc. ("MERS") was nominated as beneficiary of the Deed of Trust.  Plaintiff's complaint alleges that MERS was a Delaware corporation that was "not qualified to do business in California."  Doc. # 1 at ¶ 12.  Plaintiff alleges MERS "did not become qualified to do business in California until July 21, 2010," and that the nomination of MERS as beneficiary to the Deed of Trust was therefore was void.  Id.  Plaintiff alleges that shortly following the execution of the mortgage,

2

1   Reunion Mortgage bundled his and other mortgages and sold them to Indymac Bank, FSB,

2   without contemporaneously assigning the Deed of Trust to the new buyer.  Plaintiff contends that

3   as a result of the separation of the Deed of Trust and the Promissory Note, none of the

4   Defendants have any interest in the subject property.

5          The Notice of Default and Election to Sell was recorded on June 1, 2011.  There is no

6   contention that the Notice of Default was improperly served.  Plaintiff contends that, because

7   Trustee Corps, the entity that recorded the Notice of Default, was not substituted as beneficiary

8   for the Deed of Trust until August 7, 2012, the Notice of Default was void.  Plaintiff also

9   contends that JPMorgan Chase was not assigned the Deed of Trust until after the Notice of

10  Default was record and that JPMorgan Chase therefore lacked authority to declare default in

11  2011.  As of the date the Notice of Default was recorded, the amount Plaintiff's mortgage was

12  claimed to be in arrears was $12,506.14.  Plaintiff's complaint does not dispute the amount of

13  claimed arrearage nor does the complaint allege any attempt to tender the amount in arrears nor

14  does it allege the present ability to do so.

15         The assignment of the Deed of Trust from MERS to JPMorgan Chase was signed by

16  MERS on July 11, 2012, and was recorded on July 20, 2012.  The assignment of the

17  Deed of Trust from JPMorgan Chase to Trustee Corps was signed by JPMorgan Chase on July

18  11, 2012, and was recorded on August 7, 2012, the same date that the Notice of Trustee's Sale

19  was recorded.  Plaintiff filed the complaint in this action on August 30, 2012.  Within the

20  complaint and in a separate motion filed on the following day, Plaintiff requested that the sale of

21  the subject property pursuant to the Notice of Trustee's Sale be temporarily restrained.

22  Plaintiff's request for TRO was granted by order of the court on September 5, 2012.  The TRO

23  was extended through October 22, 2012, by an order filed on September 21, 2012.  The instant

24  motions to dismiss and to deny TRO were filed on September 17, 2012, and September 19, 2012,

25  by JPMorgan Chase and Trustee Corps, respectively.  Plaintiff's opposition was filed on October

26  8, 2012, and both Defendants filed reply briefs on October 15, 2012.  Defendants' motions to

27

28                                                    3

dismiss were taken under submission as of October 22, 2012.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

4

**DISCUSSION**

Plaintiff's complaint alleges four substantive claims for relief; wrongful foreclosure, quiet title, slander of title and fraud.  In addition, the complaint alleges as claims for relief various injunctive and declaratory remedies including temporary and permanent injunctive relief, cancellation of written instruments and declaratory relief.  Plaintiff's substantive claims rest on three general contentions. First, Plaintiff contends that because the his loan was bundled into a securitized investment vehicle shortly after the mortgage was executed, beneficial interest in the Deed of Trust, and therefore the authority to enforce legal rights under the Deed of Trust, was transferred to the entity that owns the pool of secured mortgages, in this case Deutsche Bank National Trust Company.  Although Plaintiff's contention is not altogether clear, the upshot is that the transfer of his loan into an securitized investment vehicle somehow casts legal uncertainty over the ability of Reunion Mortgage to transfer the Deed of Trust to MERS or of MERS to transfer to Trustee Corps.  The second of Plaintiff's contentions is that the Notice of Default was improper because Trustee Corps, the entity originating the Notice, was not the transferee of the Deed of Trust at the time the Notice was served and would not become the transferee for another year.  Plaintiff contends that Trustee Corps lacked authority to issue the Notice of Default and that the entire process of foreclosure is therefore void.  Third, Plaintiff alleges in his complaint that MERS was not a business authorized to do business in California at the time the loan agreement was executed and that the designation of MERS as the Beneficiary's nominee was improper and therefore void.  This contention seems to be confined to the complaint as Plaintiff did not address Defendants' contentions in his opposition to the motions to dismiss.

Plaintiff's first contention rests on a premise that has been raised numerous times in this court, in district courts in this state and in the Ninth Circuit and has been uniformly rejected.  As this court has observed, the "securitization" of a mortgage transfers only the right to the *cash flows* from the pooled mortgages.  Jones v. Countrywide Homeloan, 2011 WL 2462856 (E.D.

5

1   Cal. 2011) at *5 (italics in original).  "It does not follow that any of the other entitlements of the

2   lender of the Deeds of Trust, including the power to declare default, are transferred or lost

3   because of the transfer or sale of the cash flow due from the mortgage."  Id.  "Therefore, the

4   transfer of the Note as part of a securitization process does not affect MERS's right as a nominee

5   under the [Deed of Trust]."  In re Cedano, 470 B.R. 522, 531 (9th Cir. 2012); see also, Benham

6   v. Aurora Loan Services, 2009 WL 2880232 (N.D. Cal. 2009) at *3 ("Other courts in this district

7   have summarily rejected the argument that companies like MERS lose their power of sale

8   pursuant to the deed of trust when the original promissory note is assigned to a trust pool.")

9   Because the power of MERS as nominee under the Deed of Trust was not impaired in any way

10  by the alleged securitization of the loan, there is no basis upon which the subsequent assignment

11  of the Deed of Trust to JPMorgan Chase can be found to be invalid.   Plaintiff's allegations

12  suggesting the lack of evidence to determine the status of JPMorgan Chase as assignee of the

13  Deed of Trust are simply contrary to fact.

14          Plaintiff's second basic contention – that Trustee Corps lacked authority to issue the

15  Notice of Default because the Deed of Trust had not been assigned to them as of the date of

16  issuance of the Notice – is similarly flawed.  As Defendants have pointed out, under California

17  law a foreclosure is commenced when "[t]he trustee, mortgagee, or beneficiary, *or any of their*

18  *authorized agents* shall first file for record, in the office of the recorder of each county wherein

19  the mortgaged or trust property or some part or parcel thereof is situated, a notice of default."

20  Cal. Civ. Code §2924(a)(1) (italics added).  In the signing the loan agreement, Plaintiff agreed:

21          Buyer understands and agrees that MERS holds only legal title to the interests
            granted by borrower in this Security Instrument, but, if necessary to comply with
22          law or custom, MERS (as nominee for Lender and Lender's successors and
            assigns) has the right: to exercise any or all of those interests, including, but not
23          limited to, the right to foreclose ands sell the Property; and to take any action
            required of Lender including, but not limited to, releasing and canceling this
24          Security Instrument.

25  Doc. # 19-1 at 3.

26          On the second page of the Notice of Default, Trustee Corps advises Plaintiff "Trustee

27

28                                                  6

Corps is the original Trustee, duly appointed Substituted Trustee , or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated as December 5, 2006, executed by Tung Q. Lam [. . .] as trustor, to secure obligations in favor of Reunion Mortgage, Inc. as Lender under the Deed of Trust and, [MERS] as the Original Beneficiary under Deed of Trust . . . ."  Doc. # 19-1 at 26.  The Notice of Default bas signed on behalf of "MTC Financial, Inc. dba Trustee Corps as Agent for the Beneficiary."  Id.  In sum, Plaintiff acknowledged and agreed to grant to MERS the authority to enforce the terms of the loan agreement and was informed n due course that Trustee Corps was the Agent duly appointed by MERS to institute foreclosure proceedings.

Defendants rebut Plaintiff's third contention – that MERS was not authorized to do business in California at the time the loan was executed – by pointing out that "an 'unregistered corporation, upon registering, is "restored to full legal competency and [has] its prior transactions given full effect.'" United Medical Management Ltd. v. Gatto, 1741, 1741 (1996)"  Doc. # 18 at 17:16-19 (noting that the United Medical Mgmt. decision has been cited as authoritative by district courts in California).  Plaintiff's opposition to Defendants' motion to dismiss does not address Defendant's contentions regarding the status of MERS, nor does Plaintiff's opposition appear to rely at all on the contention that MERS was not authorized to operate in California. The court has reviewed the authority cited by Defendants and finds that MERS was authorized to function in the capacity of Beneficiary's nominee at the time the Notice of Default was served and recorded.

While there appears to be some uncertainty as to the exact circumstances under which a debtor has standing to challenge the authority of a party to institute and prosecute foreclosure proceedings, it clear that where the complaint fails to allege a sufficient "factual basis for alleging that the foreclosure was not initiated by the correct party," California's comprehensive statutory non-judicial scheme does not provide a legal basis for the challenge.  Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1156 (4th Dist. 2011); Maynard v. Wells Fargo Bank, 2012 WL 4898021 (S.D.Cal. 2012) at *3 (citing the holding in Gomes to establish

1   that the authority of lender's nominee "to initiate foreclosure proceedings [can] not be challenged

2   where the trusteed name[s] lender's nominee and grant[s] it foreclosure rights.") The court finds

3   that Plaintiff has failed to allege any facts that would permit him to maintain a legal challenge to

4   the authority of Trustee Corps to institute or maintain foreclosure proceedings.  Because Plaintiff

5   has failed to allege any facts that would permit to maintain an action for wrongful foreclosure,

6   the court need not decide whether Plaintiff is otherwise prevented from maintaining the action

7   because he has failed to allege tender.

8        To the extent Plaintiff's contentions can be interpreted to include the by now well-worn

9   contention that the power to foreclose was somehow impaired because the Promissory Note and

10   Deed of Trust were separated when the loan was placed in a securitized pool, that contention has

11   been uniformly rejected by California Courts.  California law is clear in stating, "[w]here *a*

12   *power to sell* real property is given to a mortgagee, or other encumbrancer, in an instrument

13   intended to secure the payment of money, *the power is part of the security and vests in any*

14   *person who by assignment becomes entitled to payment of the money secured by the instrument*.

15   The power of sale may be exercised by the assignee if the assignment is duly acknowledged and

16   recorded." Cal. Civ. Code §2932.5 (italics added).  Trustees regularly foreclose on behalf of

17   assignees for the original beneficiary. See, e.g. Block v. Tobin, 45 Cal. App. 3d 214, 218 (Cal.

18   App. 1st Dist. 1975).  When a mortgage is sold, physical transfer of the note is not required. See,

19   e.g. In re Golden Plan of Cal., Inc., 829 F.2d 705, 708-11 (9th Cir. Cal. 1986) (agreement

20   transferring proceeds of note, including hiring agent to handle monthly payment collections and

21   potential foreclosure proceedings, but no physical transfer of mortgage note was nevertheless a

22   sale).  It is well-settled that California law does not require production of the note as a condition

23   to proceeding with a nonjudicial foreclosure proceeding. See id.; Quintos v. Decision One Mortg.

24   Co., 2008 WL 5411636, at *3 (S.D.Cal. Dec. 29, 2008); Tina v. Countrywide Home Loans, Inc.,

25   2008 WL 4790906, at *7-8 (S.D.Cal. Oct. 30, 2008); see also Harrington v. Home Capital

26   Funding, Inc., 2009 WL 514254, at *4 (S.D.Cal. Mar. 2, 2009).

27

28                                 8

1    For the reasons set forth above, the court finds Plaintiff's claim for wrongful foreclosure

2    is without merit.  To a significant extent, the remainder of Plaintiff's substantive claims are

3    dependent on Plaintiff's claim for wrongful foreclosure and are therefore also without merit.

4    Plaintiff's claim to quiet title fails because it rests on the proposition that Defendants are without

5    any legal claim to the subject Property because the authority to enforce the Deed of Trust was

6    lost for the reasons that have been discussed and rejected by the court.  With this opinion the

7    court rejects the contention that Defendants' claim to the Property is in any way impaired or

8    subject to doubt.  Likewise, Plaintiff's claim for slander of title is based on the now-rejected

9    premise that the Notice of Default and Election to Sell was issued without authority.  Because

10   Plaintiff has failed to show that the issuance of the Notice of Default was without authority,

11   Plaintiff cannot claim harm as a result of the recordation of the Notice.  Plaintiff's claim for fraud

12   is opposed on the ground it fails to plead the facts of the fraud with sufficient particularity

13   pursuant to Rule 9(b) of the Federal Rules of Civil Procedure and because Plaintiff has failed to

14   allege any misrepresentation of fact.  Plaintiff's claim for fraud is linked to his contention that the

15   "assignments and substitutions" were invalid.  Since the court has found otherwise, Plaintiff's

16   claim for fraud fails.

17   Having found that Plaintiff's substantive claims are without merit, it follows that

18   Plaintiff's claims for injunctive relief, cancellation of written instruments and request for

19   declaratory relief are likewise without merit.  Defendants are therefore entitled to dismissal of

20   Plaintiff's complaint in its entirety as to both Defendants.  The court is aware that the complaint

21   in this case is Plaintiff's original complaint.  "If a complaint is dismissed for failure to state a

22   claim, leave to amend should be granted unless the court determines that the allegation of other

23   facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber

24   Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  The court

25   has considered Plaintiff's complaint and the legal theories that underlie this action and finds itself

26   at a loss to see how further amendment of the complaint could possibly cure the shortcomings

27

28                                                9

1   discussed above.  Fundamentally, Plaintiff has strived mightily to build an action around a

2   perfectly ordinary set of facts that admit of no significant irregularities and has understandably

3   failed to derive from those facts any cognizable claims.  Plaintiff's action will therefore be

4   dismissed with prejudice.

5

6       THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that the

7   motions of JPMorgan Chase and MTC Financial, Inc. dba Trustee Corps to dismiss Plaintiff's

8   complaint are each GRANTED with prejudice.  Plaintiff's complaint is hereby DISMISSED in

9   its entirety as to all Defendants.  Any temporary restraining orders currently in effect are hereby

10  DISSOLVED.

11

12  IT IS SO ORDERED.

13

Dated:    November 14, 2012

14                                                                UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          10